FILED
SUPERIOR COURT
OF GUAM

2022 JUL 11 PM 2:58

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                Plaintiff,<br><br>vs.<br><br>JOEY ALAN ACFALLE TERLAJE,<br><br>                Defendant. | Case No. CF0642-21<br><br>**DECISION AND ORDER**<br>**(Motion to Dismiss Superseding Indictment)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on June 7, 2022, for a Motion Hearing on Joey Alan Acfalle Terlaje's ("Defendant") Motion to Dismiss Superseding Indictment. Attorney Joaquin C. Arriola appeared for Defendant. Assistant Attorney General Leonardo Rapadas appeared for the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** Defendant's Motion to Dismiss Superseding Indictment. The Court **ORDERS** the People pay Defendant for any attorney's fees and other costs associated with filing this motion as a sanction for failing to serve Defendant with a copy of People's Submission of a Bill of Particulars.

## BACKGROUND

The factual background of this matter was previously set out by the Court in a Decision and Order issued on April 20, 2022, and a second Decision and Order issued on May 12, 2022. Dec. and Order (Mot. for Bill of Particulars), Apr. 20, 2022; Dec. and Order (Mot. to Dismiss

Indictment), May 12, 2022. The following explains the relevant history of this case that led to Defendant's Motion to Dismiss Superseding Indictment.

On May 16, 2022, Defendant filed the instant motion. Def.'s Mot. to Dismiss Superseding Indictment, May 16, 2022. The People filed an opposition. People's Opp'n. to Def.'s Mot. to Dismiss Superseding Indictment, May 31, 2022. Defendant filed a reply to the People's opposition. Def.'s Reply to the People's Opp'n. to Def.'s Mot. to Dismiss Superseding Indictment, Jun. 6, 2022. The Court held a motion hearing and took the parties' arguments under advisement. Minute Entry, Jun. 7, 2022.

## DISCUSSION

**A. The People complied with the Court's order for a Bill of Particulars, although the People's failure to serve Defendant is a direct violation of 8 G.C.A. § 1.29(a).**

Title 8 G.C.A. § 1.29(a) provides "[w]ritten motions other than those which are heard *ex parte*, written notices, designations of record on appeal and similar papers shall be served upon each of the parties."

Defendant contends that the People never served him with a copy of the People's Submission of a Bill of Particulars. Digital Recording at 12:08:54–12:56:07 (Mot. H'rg. Jun. 7, 2022). The People acknowledged that Defendant was not served with a copy of People's Submission of a Bill of Particulars. *Id.* The People's failure to serve Defendant with a copy of People's Submission of a Bill of Particulars is an overt violation of 8 G.C.A. § 1.29(a). In failing to serve Defendant, the People denied Defendant of notice and the ability to defend against the charges—which are fundamentals in our criminal justice system. The Court is disappointed with the People's inability to follow standard criminal procedure and reminds the People that such an egregious violation of the law is unacceptable. Guam Local Rules of the Superior Court of Guam General Rules ("GR") 2.1 provide the Court with the authority to

impose sanctions for violations as it deems appropriate, including monetary sanctions. Consistent with GR 2.1, the Court determines that monetary sanctions are appropriate and orders the People to pay Defendant for any attorney's fees and other costs associated with filing this motion.

Defendant states "[t]he Court shall dismiss the second and third charges of Official Misconduct as misdemeanors in this matter as the Court has previously stated on the record at the hearing on May 2, 2022." Def.'s Reply to the People's Opp'n. to Def.'s Mot. to Dismiss Superseding Indictment at 1. At the hearing on May 2, 2022, the Court did not state that it would dismiss the Second Charge and Third Charge. Rather, the Court noted that the People had still not filed a Bill of Particulars, which it had ordered the People to do in a decision and order issued on April 20, 2022. Digital Recording at 3:28:17–3:37:03 (Mot. H'rg. May 2, 2022). The Court also noted that the Superseding Indictment did not correct the issues relating to the Official Misconduct charges in the original Indictment. *Id.* The Court then stated that it would dismiss the Official Misconduct charges if the People did not file a Bill of Particulars or if upon review of the Grand Jury Proceedings the Court found that the issues relating to the Official Misconduct charges were not corrected. *Id.* The People then filed People's Submission of a Bill of Particulars on May 9, 2022. People's Submission Bill of Particulars at 1–2, May 9, 2022. The decision and ordered issued on April 20, 2022 did not include a deadline for the People to file a Bill of Particulars. Dec. and Order (Mot. for Bill of Particulars). As result, the Court finds that the People complied with the Court's order and declines to dismiss the Second Charge and Third Charge of the Superseding Indictment.

**B. The Superseding Indictment complies with the requirements of 8 G.C.A. § 10.40.**

Defendant argues "[n]owhere in the Indictment nor the grand jury proceeding is there evidence or any indication of the 'offense based on misconduct of office.'" Def.'s Mot. to

Dismiss Superseding Indictment at 7. He further argues that *People v. Manila*, 2015 Guam 40 and *People v. Quenga*, 2015 Guam 39 require the People allege specific facts when invoking an exception to the statute of limitations. *Id.* The People assert that the requirements in *Manila* and *Quenga* are "essentially [8 G.C.A. § 10.40]." People's Opp'n. to Def.'s Mot. to Dismiss Superseding Indictment at 3. The People further assert that "[t]he infirmity in Quenga's case, which the Court ultimately found harmless was that Quenga was not alleged to be 'a police officer within three years of the time of the indictment.'" *Id.*

Title 8 G.C.A. § 10.40 provides "[n]otwithstanding §§ 10.20 and 10.30, a prosecution may be commenced against a public officer or employee or any person acting in complicity with such public officer or employee for any offense based upon misconduct in office by such public officer or employee at any time while such public officer or employee continues in public office or employment or within three (3) years thereafter." "Where the People file a charging document that appears on its face to be outside the statute of limitations period, they must allege specific facts that toll or invoke an exception to the general statute of limitations in order to avoid dismissal." *Quenga*, 2015 Guam 39 ¶ 17. In *Quenga*, the Supreme Court of Guam found that the indictment was insufficient because the indictment did not allege "any facts necessary to invoke [the public officer exception's] application, that the defendant was charged while in public office or within three years thereafter, and that the offenses were based on misconduct while in office." *Id.* at ¶ 20. Similarly, the Supreme Court of Guam found in *Manila* that "at no point did the People allege in the indictment that Manila was a police officer within three years of being charged." *Manila*, 2015 Guam 40 ¶ 15.

**1. The First Charge of the Superseding Indictment and the Grand Jury Proceedings contain sufficient facts to invoke the public officer exception.**

In contrast to the indictments in *Quenga* and *Manila*—which did not mention the public officer exception—the First Charge of the Superseding Indictment states ". . . at the time Defendant was a public officer, until such public office ended on or about September 25, 2019. . ." Superseding Indictment 1–2, Apr. 29, 2022. Accordingly, the Superseding Indictment clearly alleges facts that Defendant was charged within three years after being in public office.

Moreover, the Grand Jury proceedings provide additional facts to invoke the public officer exception. Investigator Brian John Cruz ("Investigator Cruz") testified that Defendant locked Vickilyn Teregayo ("Victim") inside of Jesse Blas's ("Blas") residence and then "restrained" and "physically stopped" Victim when she attempted to leave. Digital Recording at 3:07:07–3:11:03 (Grand Jury Proceedings. Apr. 29, 2022). Investigator Cruz also testified that Blas forced Victim into his house and "physically assaulted" her. *Id.* Investigator Cruz testified that Blas then instructed Defendant to prevent Victim from leaving Blas's residence, and Defendant was aware that Blas assaulted Victim while inside the house. *Id.* Additionally, Investigator Cruz explained to the Grand Jury that peace officers are mandated to take action when witnessing a crime, as well as legally obligated to report any crime. *Id.* Investigator Cruz stated that not only was Defendant's restraint a violation of a peace officer's duties, but so was Defendant's failure to report Blas's assault. *Id.*

Defendant argues that the People fail to allege Defendant's specific misconduct. Digital Recording at 12:08:54–12:56:07 (Mot. H'rg. Jun. 7, 2022). Defendant states there is no evidence that he restrained Victim and the People fail to show that Defendant had an obligation to stop Blas. *Id.* Upon reviewing the Superseding Indictment and Grand Jury Proceedings, the Court finds that the People alleged specific facts and misconduct in office sufficient to invoke the public officer exception. The People's witness—Investigator Cruz—testified to the Grand

Jury that Defendant "restrained" and "physically stopped" Victim. Investigator Cruz further testified that Defendant was present at the barbeque when Blas assaulted Victim but failed to report Blas's actions. Investigator Cruz also explained Defendant's duties as a peace officer. Taken together, these facts invoke the public officer exception. Therefore, the People have alleged enough facts to proceed on the Superseding Indictment. Defendant can challenge the sufficiency and credibility of Victim's statements to Investigator Cruz and the accuracy of Defendant's obligations as a peace officer at trial.

### 2. The Second and Third Charges of the Superseding Indictment invoke the public officer exception, and the alleged Defendant's motive in the People's Submission of a Bill of Particulars and the Grand Jury Proceedings.

The Court notes that the Second Charge and the Third Charge contained in the Superseding Indictment both allege Defendant committed Official Misconduct (As a Misdemeanor). The Second Charge states ". . .[defendant] did knowingly refrain from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office..." Superseding Indictment at 2. The Third Charge states "[defendant] did knowingly commit an act relating to his office but constituted an unauthorized exercise of his official functions, knowing that such act is unauthorized. . ." *Id.* Therefore, the Court finds the Superseding Indictment states that the alleged offenses were based on misconduct in office, and complies with 8 G.C.A. § 10.40. *See Quenga*, 2015 Guam ¶ 20 (finding the Official Misconduct charge contained in the indictment sufficient to invoke the public officer exception without alleging specific facts to invoke the public officer exception). Additionally, the People's Submission of a Bill of Particulars alleges that Defendant committed the Second Charge of Official Misconduct when he did not stop Blas from assaulting Victim and preventing Victim from leaving the ranch. People's Submission Bill of Particulars at 1–2. The People's Submission of a Bill of Particulars alleges that Defendant committed the Third

Charge of Official Misconduct when he reported Victim violated her probation conditions to prevent her from talking to probation officers about the incident at the ranch, as illustrated by the text message exchange between Defendant and Blas. *Id.* at 2.

Defendant argues that he did not violate a duty by reporting Victim for violating her probation conditions; rather, as a marshal he had a duty to report a probationer who was in violation of her conditions. Digital Recording at 12:08:54–12:56:07 (Mot. H'rg. Jun. 7, 2022). The People argue that Defendant is charged with Official Misconduct for reporting Victim's probation violations because Defendant's motive for reporting Victim was to prevent her from notifying probation officers that Blas assaulted her. *Id.* The People further assert that Defendant's motive did not need to be included in the Superseding Indictment. *Id.*

As discussed above, the People's Submission of a Bill of Particulars does allege Defendant's motive for reporting Victim's probation violations. Specifically, it states "[s]ometime after the incident at the ranch, DEFENDANT sent a text message to Blas relaying V.R.M.T. was talking to Probation Officers about the incident at the ranch." People's Submission Bill of Particulars at 2. "Blas messaged DEFENDANT, suggesting that pictures of her holding a firearm and illegal drugs be publicly posted, so that marshals and probation officers could take her into custody for violating her conditions of release." *Id.* Likewise, Investigator Cruz testified in the Grand Jury Proceedings that Defendant and Blas "conspired" to release photographs of Victim holding a firearm and drug paraphilia—in violation of her probation conditions—so that the marshals would take her into custody for violating her probation conditions. Digital Recording at 12:08:54–12:56:07 (Mot. H'rg. Jun. 7, 2022). Investigator Cruz explained to the Grand Jury that probationers are not permitted to possess firearms or drug paraphilia. *Id.*

Thus, the Court finds that the People's Submission of a Bill of Particulars and Investigator Cruz's testimony at the Grand Jury Proceedings allege that Defendant's motive for reporting Victim's probation violations was improper. Both the People's Submission of a Bill of Particulars and Investigator Cruz's testimony at the Grand Jury Proceedings allege that Defendant reported Victim's probation violations to ensure she did not discuss the incident at the barbeque with probation officers, which if true constitutes an improper motive. Defendant's motive for reporting Victim's probation violations is for the factfinder to determine at trial.

### C. The People informed the Grand Jury of Victim's open criminal cases, Victim's probation, and Blas's role as her third party custodian, and Blas's obligations and liabilities as third party custodian are not exculpatory evidence.

Defendant asserts that the People's failure to inform the Grand Jury of Victim's open pre-trial criminal cases, Blas's obligations and liabilities as a third-party custodian, and Victim's obligations under pre-trial release constitutes a violation of the People's duty to present all exculpatory evidence to the Grand Jury. Def.'s Mot. to Dismiss Superseding Indictment 8–9. The People assert that Defendant cannot show how Victim's open pre-trial criminal cases, Blas's obligations and liabilities as a third-party custodian, and Victim's obligations negate his guilt or lessen his punishment. People's Opp'n. to Def.'s Mot. to Dismiss Superseding Indictment at 4.

Title 8 G.C.A. § 50.46 provides "[t]he grand jury shall receive only evidence presented to it by the prosecuting attorney but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt and the grand jury shall weigh all the evidence submitted." The Supreme Court of Guam stated that exculpatory evidence—in the context of discovery—is "evidence favorable to the defendant which is material to guilt or punishment." *People v. Orallo*, 2004 Guam 5 ¶ 12. In *Orallo*, the Supreme Court of Guam found that an

Attorney General Investigator's written statement was not exculpatory because it did not "negate [the defendant's] guilt or tend to reduce his punishment." *Id.*

During the Grand Jury Proceedings, Investigator Cruz explained what a third party custodian is, Blas's role as Victim's third-party custodian, and that Blas was Victim's third-party custodian at the time of the alleged offenses. Digital Recording at 3:00:07–3:04:20 (Grand Jury Proceedings, Apr. 29, 2022). Investigator Cruz also responded affirmatively when the Assistant Attorney General asked if Victim has "criminal cases" and when asked if the reason that Victim had a third-party custodian was because of these "criminal cases." *Id.* Investigator Cruz testified that Victim had other third-party custodians—her aunt and grandmother—who relinquished their duties. *Id.* Investigator Cruz explained the vetting process for potential third-party custodians, although he stated that he does not have any records vetting Blas. *Id.*

Accordingly, the People informed the Grand Jury that Victim had open criminal cases, that she was on probation, and that Blas was her third party custodian. Investigator Cruz also explained the function of a third-party custodian. The Court finds that Investigator Cruz's explanation of Victim's criminal cases, probation, and Blas's role as Victim's third-party custodian adequately apprised the Grand Jury of the relevant information. This contextual information likely aided the Grand Jury in understanding the facts of the alleged offenses. The Court finds that it was unnecessary for the People to provide anymore context regarding Victim's criminal cases, probation, and Blas's role as Victim's third-party custodian in order for the Grand Jury to evaluate the charges.

Furthermore, the Court disagrees with Defendant's argument that Blas's obligations and liabilities to Victim as her third-party custodian negate his guilt or reduce his punishment. Defendant argues these facts are exculpatory because Defendant was attempting to prevent

Victim from leaving the barbeque in order to "drink and do drugs" in violation of her probation. Digital Recording at 12:08:54–12:56:07 (Mot. H'rg. Jun. 7, 2022). He further argues that these facts are exculpatory because Victim was disobeying her third-party custodian and violating conditions of her release, and she was required to be in Blas's custody. *Id.* Victim's decision to violate the conditions of her release did not permit Defendant to expose Victim to risk of serious bodily injury in an attempt to prevent her from leaving the barbeque. Thus, as Defendant was not permitted to expose Victim to serious bodily injury to prevent her from leaving, this fact does not negate his guilt nor does it reduce his punishment. Similarly, Defendant was not Victim's third-party custodian, and her decision to disobey her third-party custodian did not permit Defendant to expose Victim to serious bodily injury.

In *People of the Territory of Guam v. Sablan*, D.C. Crim. 85-0024A, 1986 WL 68900 (D. Guam App. Div. Oct. 24, 1986), the District Court of Guam found that evidence the defendant was elsewhere at the time of the alleged crime was exculpatory evidence. *Sablan,* D.C. Crim. 85-0024A, 1986 WL 68900. The District Court stated this evidence was exculpatory because it suggested the victim could have been murdered by someone other than defendant on a different date. *Id.* In contrast, Blas's obligations and liabilities as third-party custodian do not suggest the alleged crime occurred on a different date, do not suggest that Defendant was not the perpetrator of the alleged crimes, and do not justify or excuse the alleged crimes. Consequently, the Court finds that the People provided the Grand Jury with sufficient contextual information regarding Victim's open criminal cases, Victim's probation, and Blas's role as Victim's third-party custodian. The Court also finds that Blas's obligations and liabilities as Victim's third-party custodian are not exculpatory evidence. Defendant can present Blas's obligations as Victim's third-party custodian at trial and the factfinder can weigh them with the other evidence presented.

**D. The speedy trial clock restarted when Defendant was arraigned on the Superseding Indictment.**

Defendant cites *Ungacta v. Superior Court of Guam*, 2013 Guam 29 for the proposition that the speedy trial clock does not restart when a superseding indictment is filed. Def.'s Mot. to Dismiss Superseding Indictment at 10. In that case, the defendant asserted her right to speedy trial at the arraignment. *Id.* at ¶ 2. The People filed a superseding indictment and the defendant continued to assert her right to a speedy trial. *Id.* at ¶ 3. Defendant then filed a motion to dismiss for a speedy trial rights violation. *Id.* at ¶ 4. Prior to a motion hearing, the People filed a Second Superseding Indictment. *Id.* The defendant was arraigned on the second superseding indictment and continued to assert her right to speedy trial. *Id.* The trial court issued a decision and order denying the defendant's motion to dismiss for a speedy trial rights violation. *Id.* The Supreme Court of Guam found in *Ungacta* that the superseding indictment was a continuation of the original indictment and held that the charges related back to the original arraignment date for speedy trial purposes. *Id.* at ¶ 16, 22.

This Court previously found that the Superseding Indictment restarted the speedy trial clock. Although restarting the speedy trial clock delays Defendant's trial, the delay is lesser than the delay in *Ugnacta* and—when accounting for tolling—sixty days have not elapsed. In this case, the People have filed one superseding indictment; in *Ugnacta* the People filed two superseding indictments. Thus, the Court finds that Defendant's case is distinct from *Ugnacta* and the Superseding Indictment is not a continuation of the Indictment. Similarly, the Court finds that the People acted in good faith when they filed the Superseding Indictment, which they filed to cure the defects in the first indictment regarding the statutes of limitations. There is nothing in the record suggesting the People filed the Superseding Indictment to circumvent

speedy trial requirements and the People indicated its intent to proceed on the Superseding Indictment, not the Indictment.

The Court maintains that the speedy trial clock restarted when Defendant was arraigned on the Superseding Indictment, and that Defendant's Motion for a Bill of Particulars, Defendant's Motion to Dismiss Indictment, and Defendant's Motion to Dismiss Superseding Indictment all tolled the speedy trial clock at the time they were filed. *See* Dec. and Order (Mot. to Dismiss Indictment) (discussing when time is excluded from speedy trial calculations). Furthermore, regardless of whether the speedy trial clock began when Defendant asserted his right to speedy trial on March 31, 2022, or at his arraignment on the Superseding Indictment on April 29, 2022, sixty days have not passed before Defendant was brought to trial when accounting for tolling of the speedy trial clock. As a result, this dispute is not ripe for review. If and when Defendant believes that more than sixty days have elapsed on the speedy trial clock, Defendant may file a motion to dismiss for a speedy trial rights violation.

## CONCLUSION AND ORDER

For the above reasons, the Court hereby **DENIES** Defendant's Motion to Dismiss Superseding Indictment. The Court **ORDERS** the People to pay Defendant for any attorney's fees and other costs associated with filing this motion as a sanction for failing to serve Defendant with a copy of People's Submission of a Bill of Particulars.

SO ORDERED, this _____ day of ___**JUL 1 1 2022**_____ 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam